**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 09-CR-21017-JORDAN**

**UNITED STATES OF AMERICA,**

**-vs-**

**DAYANA MORENO,**

     **Defendant.**

_____/

**DEFENDANT DAYANA MORENO'S  REPLY**
**TO THE GOVERNMENT'S RESPONSE TO MOTION TO DISMISS, AND IN**
**THE ALTERNATIVE, MOTION FOR BILL OF PARTICULARS**

Defendant, DAYANA MORENO ("Moreno"), by and through her undersigned counsel,  hereby files her Reply to the Government's Response to her  Motion to Dismiss and, in the Alternative, Motion for Bill of Particulars.

DE 61.

**REPLY TO THE GOVERMNET'S ARGUMENTS IN MORENO'S MOTION**

**TO DISMISS**

1. The Government has devoted less than 2 full pages to respond to Moreno's 10 page Motion to Dismiss.  The thrust of Moreno's Motion to Dismiss concentrates on the failure of the Government to state an offense against Moreno in Count I [Title 21, §841(a) (1), Cocaine Conspiracy] and Count 4 [Title 21, §841(b) (1) (A) (ii), Cocaine possession with intent to distribute] of the Indictment, on the facts as disclosed in the Probable Cause Affidavit, in the Indictment, and in the Discovery produced thus far.

2.  The Government's response does not attempt to address the legal issues raised in Moreno's Motion to Dismiss.  Instead, the Government would suggest to this court that it must defer to the Grand Jury, and not question whether Moreno is, by law, guilty of a conspiracy to traffic in cocaine and possession of cocaine. Certainly, Moreno's motion puts at issue the alleged defects in instituting the prosecution (F.C.R.P. 12 (b) (3) (A)), and the failure to state an offense (F.C.R.P. 12(b) (3) (B)).

3.  Rule 12(b), F.C.P.R., states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issues."  Pretrial motions to dismiss are not limited to challenging technical sufficiency of the indictment; any defense that the court can determine without trial of the general issues can be raised in pretrial motions.  U.S. v. Myr Group, Inc., 274 F.Supp.2d  945 (N.D. Ill. 2003).  Here, the Probable Cause Affidavit, the Indictment, and the Discovery is totally devoid of any indication that Moreno did any criminal act, other than being present at her boy friend's house on the day that he was arrested.

4.  The Government's Response consumes two pages to recite what is more artfully set forth in ¶12 of DEA Agent Jeremy Nawyn's Probable Cause Affidavit.  Both the Government and Moreno agree that ¶12 of the Probable Cause affidavit tells the full extent of the Government's case against Moreno.  Agent Nawyn's PC affidavit consists of 5 pages with 14 paragraphs, of which only one paragraph makes any reference to Moreno.

This court should well consider that if the Government had any "real evidence" against Moreno, why doesn't the Government just come out and disclose the evidence? Here, all that the Government has is "mere presence."

5. The Government's Response is attempting to divest this court of the authority to rule on Moreno's Motion to Dismiss. Certainly, this court has the inherent authority to consider the issues raised in Moreno's Rule 12(b) Motion to Dismiss. Moreno would again pose that, if the Government has something more than Moreno's mere presence, why doesn't the Government set forth its evidence? The Government alludes to the "extensive discovery" produced in this case, but fails to cite or point to any part of the discovery where Moreno is heard, video taped, "finger printed" or in any other fashion shown to be conspiring or in possession of cocaine. The Government would have this court simply rely on the Grand Jury returning an indictment. However, Government's position begs the question whether Moreno's involvement in this case is more than just mere presence. It should be noted that the Government Response has not taken a clear position on whether the Government has more evidence than Moreno's mere presence. Rather, the Government's Response would simply prefer that the court not decide the issue.

6. In addition to the "mere presence" arguments, Moreno has raised the issue of "selective prosecution." This court should note that the Government's Response is completely silence in its response on the

"selective prosecution" issues.  Moreno would again remind this court that she was the only female, significant-other, that was arrested.

## REPLY TO THE GOVERMNET'S ARGUMENTS IN MORENO'S REQUEST FOR A BILL OF PARTICULARS

7.  The Government's Response in the section labeled "Factual Background" consumes two pages to recite what is more artfully set forth in ¶12 of DEA Agent Jeremy Nawyn's Probable Cause Affidavit.  Both the Government and Moreno agree that ¶12 of the Probable Cause affidavit tells the full extent of the Government's case against Moreno.  Pages 1 – 3 of the Government's Response are taken – almost verbatim – from DEA Agent Nawyn's PC Affidavit.   Agent Nawyn's PC affidavit consists of 5 pages with 14 paragraphs, of which only one paragraph makes any reference to Moreno.  The Government's Response does not add anything new.

8.  The Government has devoted more text space in its Response in trying to avoid having to provide a Statement of Bill of Particulars, than attempting to show this court why Moreno should stand before this court on a cocaine conspiracy case.  Contrary to the Government assertion that Moreno is seeking "generalized discovery" (DE 61, page 3), Moreno's request for a Bill of Particulars is well founded predicated on the complete lack of any indication that More participated, spoke with, and/or handled any cocaine sales with any other named defendants or the C.I..   In the worst case scenario, all of Moreno's conduct can be summarized as "mere presence."

Moreno's request for a bill of particulars is clearly focused on particulars as to Moreno's involvement in the alleged conspiracy other than Moreno's presence at the same location where her boy-friend, Angel E. Alvarez, was arrested.

9. The undersigned has examined the discovery produced with great care. The discovery does not disclose what Moreno is supposed to defend herself against.   If the Government has more evidence than it has disclosed by way of discovery, than Moreno's request for a Bill of Particulars should be granted to avoid any element of surprise at trial.

10. Specifically, Moreno is requesting a Bill of Particulars as to her alleged involvement, with dates, times, and locations where Moreno is alleged to have conspired to traffic in cocaine.

    WHEREFORE based on the foregoing, the Defendant, Dayana Moreno, respectfully requests that this Motion to Dismiss charges be GRANTED,  In the alternative, Moreno prays that Government be ordered to provide a Bill of Particulars.

/s/Joseph A. Chambrot, Esq.
Attorney for Defendant
1885 NW North River Drive
Miami, FL  33125
(305)-547-2101
joecham@bellsouth.net

CERTIFICATE OF SERVICE

  I hereby certify that on Feb. 2, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel for record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Joseph A. Chambrot